UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THOMAS H. LEE EQUITY FUND V, L.P.,
THOMAS H. LEE PARALLEL FUND V, L.P., and
THOMAS H. LEE EQUITY (CAYMAN) FUND V, L.P.,

                Plaintiffs,

v.

MAYER, BROWN, ROWE & MAW LLP,

                Defendant.

07 Civ. 6767 (GEL)

**Electronically Filed**

---

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS BY
THE UK LIMITED LIABILITY PARTNERSHIP
MAYER BROWN INTERNATIONAL LLP**

 

Joel M. Cohen (JC-9162)
Anthony M. Candido (AC-9458)
Timothy Casey (TC-3857)
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Tel:(212) 878-8000
Fax:(212) 878-8375

*Attorneys for the
UK Limited Liability Partnership
Mayer Brown International LLP*

Dated:    September 14, 2007

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ..............................................................................................................................2

ARGUMENT....................................................................................................................................3

    I.       The Complaint Fails to State a Claim against Mayer Brown UK...................................3

            A.     The Complaint Does Not Plead Facts to Support a Theory That Mayer Brown Illinois Acted as the Agent for Mayer Brown UK ..................................5

            B.     The Complaint Does Not Plead Facts to Support a Theory That Mayer Brown Illinois and Mayer Brown UK Were *Alter Egos*......................................6

            C.     The Complaint Does Not Plead Facts to Support a Theory That Mayer Brown Illinois and Mayer Brown UK Were One Legal Partnership.................7

CONCLUSION.................................................................................................................................8

## TABLE OF AUTHORITIES

### Cases

Page(s)

*Bamberg v. SG Cowen*,
   236 F. Supp. 2d 79 (D. Mass 2002) ...................................................................................4

*Cromer Fin. Ltd. v. Berger*,
   137 F. Supp. 2d 452 (S.D.N.Y. 2001) ..............................................................................4, 7

*DeJesus v. Sears, Roebuck & Co.*,
   87 F.3d 65 (2d Cir. 1996) ...................................................................................................3

*In re AM Int'l, Inc. Sec. Litig.*,
   606 F. Supp. 600 (S.D.N.Y. 1985) .....................................................................................4

*In re Lernout & Hauspie Sec. Litig.*,
   230 F. Supp. 2d 152 (D. Mass. 2002) ................................................................................4

*In re Parmalat Sec. Litig.*,
   375 F. Supp. 2d 278 (S.D.N.Y. 2005) ......................................................................... passim

*In re Parmalat Sec. Litig.*,
   377 F. Supp. 2d 390 (S.D.N.Y. 2005) .............................................................................4, 6

*In re Worldcom, Inc., Sec. Litig.*,
   2003 WL 21488087 (S.D.N.Y. June 25, 2003) ............................................................ passim

*Mills v. Polar Molecular Corp.*,
   12 F.3d 1170, (2d Cir. 1993) ..............................................................................................3

*Nuevo Mundo Holdings v. PricewaterhouseCoopers LLP*,
   2004 WL 112948 (S.D.N.Y. Jan. 22, 2004) ................................................................ passim

*Neubauer v. Eva-Health USA, Inc.*,
   158 F.R.D. 281 (S.D.N.Y. 1994) ........................................................................................3

*Skidmore Energy, Inc. v. KPMG LLP*,
   2004 WL 3019097 (N.D. Tex. Dec. 28, 2004) ...................................................................4

*Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*,
   933 F.2d 131 (2d Cir. 1991) ...............................................................................................6

Page(s)

**Statutes and Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................1, 3

The UK limited liability partnership Mayer Brown International LLP, formerly known as Mayer, Brown, Rowe & Maw LLP ("Mayer Brown UK") respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

The putatively named defendant in this case — "Mayer, Brown, Rowe & Maw LLP" — is not one legal entity. As the Complaint itself pleads, the brand name "Mayer Brown" was used by "two limited liability partnerships, each named Mayer, Brown, Rowe and Maw LLP, one established in the State of Illinois and one in England."[1] (Compl. ¶ 16.) Such arrangements are common among professional service organizations and courts just as commonly recognize the separate legal status of affiliated entities that share a brand name.

Plaintiffs do not claim that Mayer Brown UK did anything wrong or was involved in any way whatsoever in the events or activities alleged in the Complaint. Rather, Plaintiffs apparently seek to recover against Mayer Brown UK on some unspecified theory of vicarious liability. But Plaintiffs' conclusory allegation that "Mayer Brown" is "among the largest law firms in the world" and a "combination" of the Illinois limited liability partnership ("Mayer Brown Illinois") and Mayer Brown UK (Compl. ¶ 16) is woefully insufficient to state a claim of vicarious liability. A plaintiff pleading vicarious liability — whether under an agency, *alter ego*, or partnership theory — must "specifically articulate allegations of fact which can support the existence of at least one of [those] relationships." *Nuevo Mundo Holdings v.*

---

[1] The UK limited liability partnership is now named Mayer Brown International LLP and is incorporated in England and Wales. The Illinois limited liability partnership is now named Mayer Brown LLP.

*PricewaterhouseCoopers LLP*, 2004 WL 112948, at *4 (S.D.N.Y. Jan. 22, 2004). The Complaint here does nothing of the sort.

Accordingly, Mayer Brown UK should be dismissed from the action. The Court also should dismiss the Complaint in its entirety — as against both Mayer Brown UK and Mayer Brown Illinois — for all the reasons set forth in the Memorandum of Law of Mayer Brown Illinois, the arguments in which Mayer Brown UK adopts and incorporates by reference.

## BACKGROUND

Plaintiffs purport to bring an action against one defendant named "Mayer, Brown, Rowe & Maw LLP," although they acknowledge that there are two legal entities that went under that name: Mayer Brown Illinois and Mayer Brown UK. (*See* Compl. ¶ 16.)

Plaintiffs do not allege that Mayer Brown UK did anything wrong, violated any law, or was in any way involved in the alleged events or activities set forth in the Complaint, which relate to Mayer Brown *Illinois*'s representation of Refco Group Ltd., LLC ("Refco"). Indeed, not a single allegation in the Complaint concerns anyone at Mayer Brown UK or anything purportedly done by it.

Rather, generously construing the Complaint, Plaintiffs seek to include Mayer Brown UK in this lawsuit on the basis of bare allegations that "Mayer Brown" is "among the largest law firms in the world" and is a "combination" of Mayer Brown Illinois and Mayer Brown UK. (Compl. ¶ 16.) These are the only allegations in the Complaint concerning Mayer Brown UK and the only allegations that Plaintiffs make concerning Mayer Brown UK's purported vicarious liability. Among the Complaint's 108 paragraphs, these allegations are set forth entirely in Paragraph 16 and a stray reference to "Mayer, Brown" as "one of the largest law firms in the world" in Paragraph 1. Paragraph 16 states in full:

> Defendant Mayer, Brown, Rowe and Maw LLP is among the largest law firms in the world, with more than 1,500 lawyers operating in 14 major cities worldwide, including New York. Mayer, Brown is the combination of two limited liability partnerships, each named Mayer, Brown, Rowe and Maw LLP, one established in the State of Illinois and one in England. Mayer, Brown is liable for the wrongful acts and omissions of the individual lawyers who performed the work described herein.

(Compl. ¶ 16.)

## ARGUMENT

**I.     The Complaint Fails to State a Claim against Mayer Brown UK.**

The Complaint fails to state a claim against Mayer Brown UK. Although a court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the plaintiff on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993), "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *DeJesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996). Moreover, a court "need not accept as true on a motion to dismiss allegations which amount simply to legal conclusions." *Neubauer v. Eva-Health USA, Inc.*, 158 F.R.D. 281, 285 (S.D.N.Y. 1994). Here, Plaintiffs do not even purport to claim that Mayer Brown UK was involved in any wrongdoing, and their conclusory allegation that "Mayer Brown" is "among the largest law firms in the world" and a "combination" of Mayer Brown Illinois and Mayer Brown UK falls far short of pleading facts sufficient to support any theory of vicarious liability.

Courts in the Southern District of New York and elsewhere routinely dismiss complaints that purport to plead a "single firm" or other vicarious liability theory based on the mere allegation of a shared associational or brand name and/or membership in a multinational organization. *See, e.g., Nuevo Mundo Holdings v. PricewaterhouseCoopers LLP*, 2004 WL

112948, at *3 (S.D.N.Y. Jan. 22, 2004) (dismissing claims against PricewaterhouseCoopers LLP and Arthur Andersen LLP for alleged actions of affiliates because "[a]llegations of an affiliate relationship . . . are insufficient to hold defendants liable . . . Member firms in an international accounting association are not part of a single firm and are neither agents or partners of other member firms simply by virtue of using the same brand name;" denying leave to replead as futile); *In re Parmalat Sec. Litig.*, 375 F. Supp. 2d 278, 302 (S.D.N.Y. 2005) ("*Parmalat I*") (dismissing claims against Grant Thornton USA LLP and Deloitte & Touche USA LLP for conduct of alleged affiliates based on allegations that each was a member of global accounting firm organization); *In re Parmalat Sec. Litig.*, 377 F. Supp. 2d 390, 406-09 (S.D.N.Y. 2005) ("*Parmalat II*") (same); *In re Worldcom, Inc., Sec. Litig.*, 2003 WL 21488087, at *10-*11 (S.D.N.Y. June 25, 2003) (dismissing Section 10(b) claim as to Andersen Worldwide SC ["AWSC"] for conduct of affiliate based on allegation that AWSC was "umbrella organization" for worldwide accounting organization including affiliate; also dismissing claims against Arthur Andersen UK); *Cromer Fin. Ltd. v. Berger*, 137 F. Supp. 2d 452, 485-88 (S.D.N.Y. 2001) (dismissing complaint as to Ernst & Young International ["EYI"] based on allegations that "Ernst & Young" operated as a global, financially interdependent enterprise and that EYI provided executive management for its members); *In re AM Int'l, Inc. Sec. Litig.*, 606 F. Supp. 600, 607 (S.D.N.Y. 1985) (dismissing complaint against foreign Price Waterhouse entities based on allegation of single worldwide entity).[2]

---

[2] *See also Skidmore Energy, Inc. v. KPMG*, 2004 WL 3019097, at *4-*5, *12 (N.D. Tex. Dec. 28, 2004) (dismissing claims against KPMG LLP based on alleged conduct of Moroccan member firm); *Bamberg v. SG Cowen*, 236 F. Supp. 2d 79, 89-90 (D. Mass 2002) (dismissing claims against KPMG Singapore and rejecting theory that all KPMG entities constitute one worldwide firm or agents of one another); *In re Lernout & Hauspie Sec. Litig.*, 230 F. Supp. 2d 152 (D. Mass. 2002) (dismissing claims against KPMG UK,

It is well-settled that "[a]bsent any allegations of direct liability, in order to hold defendants vicariously liable for the actions of [their affiliates], plaintiffs must allege facts in support of one of the following three relationships: a principal agent relationship; an alter-ego relationship; or a partnership." *Nuevo Mundo*, 2004 WL 112948, at *3; *see also Parmalat I*, 375 F. Supp. 2d at 290. Regardless of which theory of liability they pursue, "if their claims are to withstand defendants' motion to dismiss, their complaint must clearly and specifically articulate allegations of fact which can support the existence of at least one of these relationships." *Nuevo Mundo*, 2004 WL 112948, at *4. The Complaint here wholly lacks any such factual allegations.

### A. The Complaint Does Not Plead Facts to Support a Theory That Mayer Brown Illinois Acted as the Agent for Mayer Brown UK.

The Complaint plainly fails to plead an agency theory of vicarious liability. Although principals may be liable for the wrongful acts of their agents, a plaintiff proceeding on such a theory "must allege that the agent acts subject to the principal's direction and control." *Nuevo Mundo*, 2004 WL 112948, at *5 (quotation omitted). *See also Parmalat I*, 375 F. Supp. 2d at 290 ("The element of control is often deemed the essential characteristic of the principal-agent relationship"). Plaintiffs' conclusory allegation of a "combination" plainly does not suffice. *See, e.g., Nuevo Mundo* at *5 (allegation that purported agent represented itself as part of and operated under the control of the defendant was insufficient to plead agency relationship); *In re WorldCom*, 2003 WL 21488087 at *10-*11 (bare allegation that Andersen Worldwide SC is an "umbrella organization for its member firms worldwide" insufficient to plead that Andersen U.S. and Anderson U.K. were its agents). Plaintiffs do not allege that Mayer Brown Illinois acted at the direction of Mayer Brown UK, nor do they allege any of the other elements of such an

---

KPMG International and KPMG Singapore based on allegation that KPMG markets itself as a "single entity").

agency relationship, *i.e.*, "(1) manifestation by the principal that the agent shall act for him; (2) the agent's acceptance of the undertaking; and (3) an understanding between the parties that the principal is to be in control of the undertaking." *Id.* at *4. *See also Parmalat I*, 375 F. Supp. 2d at 290.

> B. The Complaint Does Not Plead Facts to Support a Theory That Mayer Brown Illinois and Mayer Brown UK Were *Alter Egos.*

Nor are there any allegations sufficient to support the notion that Mayer Brown Illinois and Mayer Brown UK were "alter egos." *See Nuevo Mundo*, 2004 WL 112948, at *3; *Parmalat I*, 375 F. Supp. 2d at 291. New York law will disregard the corporate form "when the corporation has been so dominated by an individual or another corporation . . . , and its separate identity is so disregarded, that it primarily transacted the dominator's business rather than its own" and this domination was used "to commit a fraud or other wrong that causes the plaintiff's loss." *Id.* at 292 (quoting *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 138 (2d Cir. 1991)). The element of control turns on factors such as failure to adhere to corporate formalities, inadequate capitalization, intermingling of funds, etc. *See Nuevo Mundo*, 2004 WL 112948, at *7; *Parmalat I*, 375 F. Supp. at 292.

However, "an *alter ego* relationship cannot be inferred from the close relationship" between the parties. *Parmalat I*, 375 F. Supp. at 297. "Significantly, plaintiffs must do more than allege that [one party] had the opportunity to dominate [another]. They must allege that [one party] *in fact* dominated [another] and used it in the relevant manner." *Id.* (emphasis added). The Complaint's bare statement that "Mayer Brown" is the "combination" of Mayer Brown Illinois and Mayer Brown UK does not constitute such an allegation and cannot support an *alter ego* theory of liability. *See, e.g., Parmalat II*, 377 F. Supp. 2d at 409 (plaintiffs did not sufficiently plead *alter ego* liability where they failed to "explain how [defendant] is alleged to

have controlled any wrongdoer"); *Cromer*, 137 F. Supp. 2d at 485 n.23 (plaintiffs failed to plead alter-ego liability where they "did not allege that [defendant's affiliates] lacked any corporate form or that [defendant] used its control to perpetrate a fraud"). Indeed, courts have dismissed *alter ego* claims resting on far more specific allegations of control. *See Parmalat I* at 296-97 (alter ego relationship cannot be inferred from allegations that "defendants' marketing materials indicate a close relationship among the parties and the existence of overlapping executives"); *Nuevo Mundo*, at *7 (allegations that PWC Int'l and AWSC "oversaw the activities of affiliates" were insufficient to avoid dismissal of their alter ego claim).

### C. The Complaint Does Not Plead Facts to Support a Theory That Mayer Brown Illinois and Mayer Brown UK Were One Legal Partnership.

The Complaint also fails to allege any facts supporting the theory that Mayer Brown Illinois and Mayer Brown UK together constitute a legal partnership of some sort. A claim of vicarious liability resting on a partnership theory "cannot survive a motion to dismiss unless plaintiff pleads sufficient facts in support of each of the required elements of a partnership." *Nuevo Mundo*, 2004 WL 112948, at *7.[3] Plaintiffs plead no such allegations here.

Plaintiffs' naked and conclusory statement that "Mayer Brown" is a "combination" of the two does not suffice. Indeed, courts have dismissed complaints pleading far more. *See, e.g., Nuevo Mundo*, 2004 WL 112948, at *8 (allegation that foreign affiliate was "part of and operated under the control of Defendant" and that it was "so identified therewith" insufficient to plead partnership); *In re Worldcom*, 2003 WL 21488087, at *10 (allegation that Andersen Worldwide

---

[3]   Under New York law, the same principles govern joint ventures. *See, e.g., Fried v. Kelly*, No. 06 Civ. 1528 (HB), 2007 WL 1821697, at *5 n.11 (S.D.N.Y. Jun. 26, 2007) (collecting cases). Thus, for the same reasons, the Complaint also fails to state a claim against Mayer Brown UK under a joint venture theory.

SC is an "umbrella organization for its member firms worldwide" insufficient to invoke a partnership theory).

## CONCLUSION

Plaintiffs do not claim that Mayer Brown UK was involved in any way in the events and activities alleged in the Complaint. Their conclusory allegation that "Mayer Brown" is a "combination" of Mayer Brown Illinois and Mayer Brown UK falls far short of pleading vicarious liability of Mayer Brown UK. For all of the foregoing reasons, this Court should dismiss Mayer Brown UK from the action.

Dated:    New York, New York
          September 14, 2007

*[signature]* Joel M. Cohen w/p/c

Joel M. Cohen (JC-9162)
Anthony M. Candido (AC-9458)
Timothy Casey (TC-3857)
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Tel: (212) 878-8000
Fax: (212) 878-8375

*Attorneys for the
UK Limited Liability Partnership
Mayer Brown International LLP*
