UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

THOMAS H. LEE EQUITY FUND V, L.P.,
THOMAS H. LEE PARALLEL FUND V, L.P., and
THOMAS H. LEE EQUITY (CAYMAN) FUND V, L.P.,

                Plaintiffs,

    v.

MAYER, BROWN, ROWE & MAW LLP,

                Defendant.
_____

07 Civ. 6767 (GEL)

**Electronically Filed**

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION TO DISMISS BY THE UK LIMITED LIABILITY PARTNERSHIP MAYER BROWN INTERNATIONAL LLP

Joel M. Cohen (JC-9162)
Anthony M. Candido (AC-9458)
Marye Cherry (MC-1118)
Timothy Casey (TC-3857)
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Tel:(212) 878-8000
Fax:(212) 878-8375

*Attorneys for the
UK Limited Liability Partnership
Mayer Brown International LLP*

Dated:     December 17, 2007

# TABLE OF CONTENTS

Page

ARGUMENT ................................................................................................................................1

CONCLUSION ............................................................................................................................3

# TABLE OF AUTHORITIES

## Cases

Page(s)

*Cromer Fin. Ltd. v. Berger,*
    137 F. Supp. 2d 452 (S.D.N.Y. 2001)........................................................................1

*Howard v. Klynveld Peat Marwick Goerdler*
    977 F. Supp. 654 (S.D.N.Y. 1997) ..........................................................................2

*Fonte v. Bd. of Managers of Cont'l Towers Condo.,*
    848 F.2d 24 (2d Cir. 1988)........................................................................................2

*Fort Wayne Telsat v. Entm't & Sports Programming Network,*
    753 F. Supp. 109 (S.D.N.Y. 1990) ...........................................................................2

*In re AM Int'l, Inc. Sec. Litig.,*
    606 F. Supp. 600 (S.D.N.Y. 1985) ...........................................................................1

*In re Parmalat Sec. Litig.,*
    375 F. Supp. 2d 278 (S.D.N.Y. 2005)........................................................................1

*In re Parmalat Sec. Litig.,*
    377 F. Supp. 2d 390 (S.D.N.Y. 2005)........................................................................1

*In re Worldcom, Inc., Sec. Litig.,*
    2003 WL 21488087 (S.D.N.Y. June 25, 2003) ........................................................1

*Mathias v. Daily News, L.P.,*
    152 F. Supp. 2d 465 (S.D.N.Y. 2001)........................................................................2

*Newby v. Enron Corp.,*
    394 F.3d 296 (5th Cir. 2004) ....................................................................................2

*Nuevo Mundo Holdings v. PricewaterhouseCoopers LLP,*
    2004 WL 112948 (S.D.N.Y. Jan. 22, 2004) .............................................................1

*O'Brien v. Nat'l Prop. Analysts Partners,*
    719 F. Supp. 222 (S.D.N.Y. 1989) ...........................................................................2

*Reading Int'l Inc v. Oaktree Capital Mgmt. LLC,*
    317 F. Supp. 2d 301 (S.D.N.Y. 2003)........................................................................2

*Reingold v. Deloitte, Haskins & Sells*
    599 F. Supp. 1241 (S.D.N.Y. 1984) ..........................................................................2

**Cases, cont'd.**

Page(s)

*Wright v. Ernst & Young LLP*,
  152 F.3d 169 (2d Cir. 1998)..........................................................................................................1

The UK limited liability partnership Mayer Brown International LLP ("Mayer Brown UK") respectfully submits this Reply Memorandum of Law in further support of its Motion to Dismiss the Complaint.

## ARGUMENT

Plaintiffs' footnote response to Mayer Brown UK's Motion to Dismiss (*see* Opp. at 1, n.1.) all but concedes that the Complaint, as pleaded, fails to state a claim against Mayer Brown UK.    Accordingly, it should be dismissed.

*First*, the Complaint does not allege that Mayer Brown UK did anything wrong, or was involved, in any way, in the events detailed in the Complaint, nor do Plaintiffs say otherwise here.  In addition, Plaintiffs offer virtually no response to the uniform and overwhelming weight of authority that the conclusory allegation in the Complaint that "Mayer Brown" is "among the largest law firms in the world" and a "combination" of Mayer Brown Illinois and Mayer Brown UK (Compl. ¶ 16) does not come close to stating a claim for vicarious liability.[1]  Plaintiffs' lone observation that their allegation "tracks the description of Mayer Brown that was on the firm's

---

[1]     *See, e.g., Nuevo Mundo Holdings v. PricewaterhouseCoopers LLP*, 2004 WL 112948, at *3 (dismissing claims against PricewaterhouseCoopers LLP and Arthur Andersen LLP for alleged actions of affiliates because "[a]llegations of an affiliate relationship . . . are insufficient to hold defendants liable . . . Member firms in an international accounting association are not part of a single firm and are neither agents or partners of other member firms simply by virtue of using the same brand name;" denying leave to replead as futile); *In re Parmalat Sec. Litig.*, 375 F. Supp. 2d 278, 302 (S.D.N.Y. 2005) (dismissing claims against Grant Thornton USA LLP and Deloitte & Touche USA LLP for conduct of alleged affiliates based on allegations that each was a member of global accounting firm organization); *In re Parmalat Sec. Litig.*, 377 F. Supp. 2d 390, 406-09 (S.D.N.Y. 2005) (same); *In re Worldcom, Inc., Sec. Litig.*, 2003 WL 21488087, at *10-*11 (S.D.N.Y. June 25, 2003) (dismissing Section 10(b) claim as to Andersen Worldwide SC ["AWSC"] for conduct of affiliate based on allegation that AWSC was "umbrella organization" for worldwide accounting organization including affiliate; also dismissing claims against Arthur Andersen UK); *Cromer Fin. Ltd. v. Berger*, 137 F. Supp. 2d 452, 485-88 (S.D.N.Y. 2001) (dismissing complaint as to Ernst & Young International ["EYI"] based on allegations that "Ernst & Young" operated as a global, financially interdependent enterprise and that EYI provided executive management for its members); *In re AM Int'l, Inc. Sec. Litig.*, 606 F. Supp. 600, 607 (S.D.N.Y. 1985) (dismissing complaint against foreign PriceWaterhouse entities based on allegation of single worldwide entity).

website" (Opp. at 1, n.1) does not make that allegation legally sufficient.  *See*, *e.g.*, *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) ("[P]ithy statements of worldwide corporate unity found in marketing materials" are legally insufficient to state a claim for vicarious liability); *Howard v. Klynveld Peat Marwick Goerdler*, 977 F. Supp. 654, 662 (S.D.N.Y. 1997) (print and internet public relations materials suggesting that Klynveld is a global firm or an international network of member firms did not support Plaintiffs' assertion that affiliate's acts could be attributed to Klynveld); *Reingold v. Deloitte, Haskins & Sells*, 599 F. Supp. 1241, 1249, 1254 n.10 (S.D.N.Y. 1984) (holding that marketing materials describing an organization composed of affiliated accounting firms as "a single cohesive worldwide organization" did not alone support a theory of vicarious liability).

**Second**, Plaintiffs' "request [for] leave to replead additional facts regarding Mayer Brown" and attachment of additional allegations they "would add by amendment" (Opp. at 1, n.1), cannot rescue their defective Complaint.  "It is axiomatic that the Complaint cannot be amended by the brief[] in opposition to a motion to dismiss."  *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989).  *See also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *Reading Int'l Inc v. Oaktree Capital Mgmt. LLC*, 317 F. Supp. 2d 301, 318 n.9 (S.D.N.Y. 2003) ("Plaintiffs may not amend their complaint through their opposition brief"); *Fort Wayne Telsat v. Entm't & Sports Programming Network*, 753 F. Supp. 109, 113 n.4 (S.D.N.Y. 1990) (same); *Mathias v. Daily News, L.P.,* 152 F. Supp. 2d 465, 480 (S.D.N.Y. 2001) (same); *Fonte v. Bd. of Managers of Cont'l Towers Condo.,* 848 F.2d 24, 25 (2d Cir. 1988) ("factual allegations contained in legal briefs or memoranda are . . . treated as matters outside the pleading for purposes of Rule 12(b)").

The Complaint that was filed should be dismissed as against Mayer Brown UK. The sufficiency of some other complaint Plaintiffs might plead should be addressed when (or if) they file it.

## CONCLUSION

For all of the foregoing reasons, this Court should dismiss Mayer Brown UK from the action.

Dated:   New York, New York
         December 17, 2007

Joel M. Cohen (JC-9162)
Anthony M. Candido (AC-9458)
Marye Cherry (MC-1118)
Timothy Casey (TC-3857)
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Tel: (212) 878-8000
Fax: (212) 878-8375

*Attorneys for the*
*UK Limited Liability Partnership*
*Mayer Brown International LLP*