**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/21/08

This Document Relates To:

| | |
|---|---|
| In re REFCO, INC. SECURITIES LITIGATION | 05 Civ. 8626 (GEL) |
| AMERICAN FINANCIAL INTERNATIONAL GROUP- ASIA, LLC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>Defendants. | 05 Civ. 8988 (GEL) |
| THOMAS H. LEE EQUITY FUND V, L.P., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>Defendants. | 05 Civ. 9608 (GEL) |

[Caption continued on next page]

| | |
|---|---|
| In re REFCO CAPITAL MARKETS, LTD. BROKERAGE CUSTOMER SECURITIES LITIGATION | 06 Civ. 643 (GEL) |

| | |
|---|---|
| THOMAS H. LEE EQUITY FUND V, L.P., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MAYER BROWN ROWE & MAW LLP, et al., <br><br> Defendants. | 07 Civ. 6767 (GEL) |

| | |
|---|---|
| THOMAS H. LEE EQUITY FUND V, L.P., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> GRANT THORNTON LLP, <br><br> Defendants. | 07 Civ. 8663 (GEL) |

| | |
|---|---|
| AXIS REINSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> PHILLIP R. BENNETT, et al., <br><br> Defendants. | 07 Civ. 7924 (GEL) |

[Caption continued on next page]

| | |
|---|---|
| In re REFCO, INC. | 07 Civ. 9420 (GEL) |

| | |
|---|---|
| VR GLOBAL PARTNERS, L.P., et al.,<br><br>      Plaintiffs,<br><br>  vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>      Defendants. | 07 Civ. 8686 (GEL) |

| | |
|---|---|
| CAPITAL MANAGEMENT SELECT FUND LTD., et al.,<br><br>      Plaintiffs,<br><br>  vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>      Defendants. | 07 Civ. 8688 (GEL) |

| | |
|---|---|
| MARC S. KIRSCHNER, as Trustee of the Refco Litigation Trust,<br><br>      Plaintiffs,<br><br>  vs.<br><br>THOMAS H. LEE PARTNERS, L.P., et al.,<br><br>      Defendants. | 07 Civ. 7074(GEL) |

| | |
|---|---|
| MARC S. KIRSCHNER, as Trustee of the Refco Private Action Trust,<br><br>             Plaintiffs,<br><br>   vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>               Defendants. | 07 Civ. 8165 (GEL) |
| MARC S. KIRSCHNER, as Trustee of the Refco Litigation Trust,<br><br>             Plaintiffs,<br><br>   vs.<br><br>THOMAS HACKL, et al.,<br><br>               Defendants. | 07 Civ. 9238 (GEL) |
| MARC S. KIRSCHNER, as Trustee of the Refco Litigation Trust,<br><br>             Plaintiffs,<br><br>   vs.<br><br>GRANT THORNTON, LLP, et al.,<br><br>               Defendants. | 07 Civ. 11604 (GEL) |

## **SUPPLEMENTAL ORDER**

       WHEREAS a Protective Order Regarding Confidential Information was issued by the United States Bankruptcy Court, Southern District of New York, on January 30, 2006 in *In re Refco, Inc., et. al.,* Case No. 05-60006 (RDD) ("Judge Drain Protective Order") to protect the confidentiality of documents produced or provided in connection with the Motion to Convert

4

Refco Capital Markets, Ltd.'s Chapter 11 Proceeding to a Chapter 7 Stockbroker Liquidation (the "RCM Conversion Hearing");

WHEREAS certain parties, including Debtor RCM and customers of RCM who are named plaintiffs in actions pending before this Court, produced documents in the RCM Conversion Hearing relying on the protections of the Judge Drain Protective Order and, pursuant to that Order, designated certain documents "Attorneys' Eyes Only";

IT IS HEREBY ORDERED that this Supplemental Order shall supplement and modify the Amended Stipulation and Agreed Confidentiality Order dated February 8, 2008 (the "Amended Confidentiality Order") as follows:

1.      This Supplemental Order shall govern the disclosure and use of documents previously produced by Debtor RCM, and Global Management Worldwide Limited, Arbat Equity Arbitrage Fund Limited,  Russian Investors Securities Limited, Capital Management Select Fund Ltd., Investment & Development Finance Corporation, IDC Financial S.A., VR Global Partners, L.P., Paton Holdings Ltd., VR Capital Group Ltd., and VR Argentina Recovery Fund, Ltd. in the RCM Conversion Hearing that are produced in the above-captioned actions ("RCM Conversion Documents").

2.      Except as set forth below, all of the terms of the Amended Confidentiality Order shall apply to the use and disclosure of the RCM Conversion Documents.

3.      A producing party may elect to designate RCM Conversion Documents, including deposition transcripts or portions thereof, "Confidential" by endorsing the documents with a "Confidential" legend or by notifying the recipient that the documents are designated "Confidential." The terms of the Amended Confidentiality Order, including paragraph 10

thereof, shall apply to the use and disclosure of RCM Conversion Documents that are designated "Confidential."

   4. Alternatively, a producing party may designate RCM Conversion Documents, including portions of deposition transcripts, as "Attorneys' Eyes Only" by endorsing the documents with a "Highly Confidential" or "Attorneys' Eyes Only" legend or by notifying the recipient that the documents are designated "Highly Confidential" or "Attorneys' Eyes Only." Documents that have been designated "Highly Confidential" or "Attorneys' Eyes Only" shall not be disclosed directly or indirectly by the person receiving such materials to persons other than:

    (a) the Court, or persons employed by the Court;

    (b) counsel to the parties in the above captioned Actions; or such counsel's clerical, paralegal, and secretarial staff;

    (c) any person reflected as an author, addressee, or recipient of the materials being disclosed or any person who likely received the materials in the ordinary course of business; and

    (d) any outside expert, advisor or consultant retained by any named party in connection with the Related Actions; and

    (e) other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

   5. All experts, advisors, consultants and their employees, to whom Highly Confidential RCM Conversion Documents are disclosed pursuant to subparagraph 4(d) as applicable above shall, prior to disclosure, be advised of the contents of this Supplemental Order and that the Highly Confidential RCM Conversion Documents are being disclosed pursuant to

the terms of this Supplemental Order and may not be disclosed other than pursuant to the terms

hereof. All such persons shall be required to execute a certification evidencing agreement with

the terms of the Supplemental Order, which shall be retained by counsel for the party who

provided the Highly Confidential RCM Conversion Documents to such persons.

DONE and ORDERED
this 21st day of July 2008

GERARD E. LYNCH
United States District Judge

7