UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                            :

THOMAS H. LEE EQUITY FUND V, L.P.,
THOMAS H. LEE PARALLEL FUND V, L.P., :
and THOMAS H. LEE EQUITY (CAYMAN)    07 MDL 1902 (JSR)
FUND V, L.P.,                                 :

                                                07 Civ. 6767 (JSR)
                      Plaintiffs,      :
        v.                                  :    ECF-FILED

MAYER, BROWN, ROWE & MAW LLP,    :
AND JOSEPH P. COLLINS,
                                                :
                    Defendants.
---------------------------------------- X

## JOSEPH P. COLLINS'S OBJECTION TO THE REPORT AND RECOMMENDATION OF SPECIAL MASTER CAPRA ON JOSEPH COLLINS'S MOTION TO DISMISS THE PLAINTIFFS' AMENDED RICO CONSPIRACY CLAIM



Cooley
GODWARD KRONISH LLP
1114 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036-7798

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| BACKGROUND | 1 |
| ARGUMENT | 2 |
| I. PLAINTIFFS' RICO CLAIM HAS NOT ACCRUED YET BECAUSE MR. COLLINS'S CONVICTION IS NOT FINAL. | 2 |
|     A. Special Master Capra Correctly Concluded that the Right To Sue Is Triggered Only After a Criminal Conviction Becomes Final. | 3 |
|     B. A Conviction Does Not Become Final for Purposes of § 1964(c) Until It Has Been Affirmed on Appeal. | 3 |
| II. PLAINTIFFS FAIL TO STATE A CLAIM FOR RICO CONSPIRACY AGAINST MR. COLLINS. | 6 |
|     A. Plaintiffs Have Not Pled an Agreement To Enter the Conspiracy | 6 |
|     B. Plaintiffs Have Not Pled a Pattern of Racketeering Activity. | 8 |
| CONCLUSION | 12 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ...................................................................................................7

*Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal. Inc.*,
    522 U.S. 192 (1997) .........................................................................................................3

*Beard v. Banks*,
    542 U.S. 406 (2004) .........................................................................................................4

*Bell v. Maryland*,
    378 U.S. 226 (1964) .........................................................................................................4

*Clay v. United States*,
    537 U.S. 522 (2003) .........................................................................................................4

*Cofacredit, S.A. v. Windsor Plumbing Supply Co.*,
    187 F.3d 229 (2d Cir. 1999) ....................................................................................8, 9, 12

*Condict v. Condict*,
    826 F.2d 923 (10th Cir. 1987) .........................................................................................8

*Cont'l Fin. Co. v. Ledwith*,
    No. 07 Civ. 7272 , 2009 WL 1748875 (S.D.N.Y. June 22, 2009) ...................................7

*Duravest, Inc. v. Viscardi, A.G.*,
    No. 07 Civ. 10590 (JSR), 2008 WL 1742845 (S.D.N.Y. Apr. 14, 2008) .........................9

*First Capital Asset Mgmt. Inc. v. Satinwood, Inc.*,
    385 F.3d 159 (2d Cir. 2004) ............................................................................................9

*Fuji Photo Film USA, Inc. v. McNulty*,
    640 F. Supp. 2d 300 (S.D.N.Y. 2009) .............................................................................7

*GICC Capital Corp. v. Tech. Fin. Group, Inc.*,
    67 F.3d 463 (2d Cir. 1995) ..............................................................................................9

*Goren v. New Vision Int'l, Inc.*,
    156 F.3d 721 (7th Cir. 1998) ...........................................................................................8

*Griffith* v. *Kentucky*,
    479 U.S. 314 (1987) .........................................................................................................4

*H.J., Inc. v. Nw. Bell Tel. Co.*,
    492 U.S. 229 (1989) ......................................................................................................8, 9

*Hecht v. Commerce Clearing House, Inc.*,
   897 F.2d 21 (2d Cir. 1990)..................................................................................................7

*Howard v. American Online Inc.*,
   208 F.3d 741 (9th Cir. 2000) ...............................................................................................8

*Illinois v. Sperry Rand Corp.*,
   237 F. Supp. 520 (N.D. Ill. 1965).........................................................................................6

*Krear v. Malek*,
   961 F. Supp. 1065 (E.D. Mich. 1997)...................................................................................2

*Leung v. Law*,
   387 F. Supp. 2d 105 (E.D.N.Y. 2005) ................................................................................10

*Lippe v. Bairnco Corp.*,
   218 B.R. 294 (S.D.N.Y. 1998)..........................................................................................7, 8

*Mills v. Polar Molecular Corp.*,
   12 F.3d 1170 (2d Cir. 1993)...............................................................................................10

*Moore v. PaineWebber, Inc.*,
   189 F.3d 165 (2d Cir. 1999)...............................................................................................10

*Odyssey Re (London) Ltd. v. Sterling Cook Brown Holdings Ltd.*,
   85 F. Supp. 2d 282 (S.D.N.Y. 2000) ...................................................................................7

*Reiter v. Cooper*,
   507 U.S. 258 (1993)..............................................................................................................3

*Russ Togs, Inc. v. Grinnell Corp.*,
   426 F.2d 850 (2d Cir. 1970).................................................................................................6

*Salinas v. United States*,
   522 U.S. 52 (1997)................................................................................................................8

*Spool v. World Child Int'l Adoption Agency*,
   520 F.3d 178 (2d Cir. 2008)...........................................................................................9, 10

*Tittle v. Enron*,
   284 F. Supp. 2d 511 (S.D. Tex. 2003) .....................................................................2, 3, 4, 5

*Twentieth Century-Fox Film Corp. v. Brookside Theatre Corp.*,
   194 F.2d 846 (8th Cir. 1952) ...............................................................................................6

*United States v. Frady*,
   456 U.S. 152 (1982)..............................................................................................................5

*United States v. Lovell*,
    16 F.3d 494 (2d Cir. 1994)..................................................................................................4

*United States v. Lussier*,
    219 F.3d 217 (2d Cir. 2000)................................................................................................4

**STATUTES**

15 U.S.C. § 16..........................................................................................................................5, 6

15 U.S.C. § 78j(b).........................................................................................................................1

18 U.S.C. § 1962..............................................................................................................2, 6, 8, 12

18 U.S.C. § 1964(c)................................................................................................................1, 2, 3

18 U.S.C. § 3143(b)(1)(B)............................................................................................................5

21 U.S.C. § 841(b)(1)(B)..............................................................................................................4

28 U.S.C. § 2255...........................................................................................................................4

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 9(b)...............................................................................9, 10, 11

Federal Rule of Criminal Procedure 33 ........................................................................................4

Federal Rule of Evidence 803(22) ................................................................................................5

Rakoff and Goldstein, *RICO Civil and Criminal Law and Strategy* (2009)..................................9

Defendant Joseph P. Collins respectfully objects to the Report and Recommendation dated May 6, 2010 (the "May 6 R & R"), in which Special Master Capra recommended that the Court deny Defendant Collins's motion to dismiss Plaintiffs' RICO claim.[1] The Court should hold that the RICO claim against Mr. Collins fails for several reasons, including (1) that Plaintiffs are not yet authorized to sue under RICO, and (2) the Second Amended Complaint fails to state a claim under RICO.

## BACKGROUND

The Court is familiar with the downfall of Refco and the litigation that has ensued, of which this case is one part. Plaintiffs purchased a 57 percent interest in Refco in 2004 and allege that they lost money on their investment.

Mr. Collins was a partner with Mayer Brown LLP and acted as outside counsel to Refco. Although Plaintiffs had earlier sued Mayer Brown, they did not sue Mr. Collins until their Second Amended Complaint, filed on November 6, 2009. Plaintiffs' original RICO claim against Mayer Brown was dismissed by Judge Lynch because under 18 U.S.C. § 1964(c) a RICO claim cannot be predicated on conduct that would be actionable as securities fraud (except against a person who is criminally convicted in connection with the fraud).[2]

Mr. Collins was indicted in connection with his work for Refco in December 2007. After a nine-week trial and seven days of deliberations, on July 10, 2009, the jury returned a guilty verdict against Mr. Collins on five of the fourteen counts against him. The jury failed to reach a

---

[1] The May 6 R & R incorporates the reasoning of Special Master Capra's Report and Recommendation dated May 3, 2010 (the "May 3 R & R"), which addressed the motion to dismiss of Mayer Brown LLP.

[2] *See* 612 F. Supp. 2d 267, 280-83 (S.D.N.Y. 2009). Judge Lynch also dismissed Plaintiffs' claims against Mayer Brown under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and for the common law tort of negligent misrepresentation. Plaintiffs' claim for common-law fraud was permitted to proceed against Mayer Brown.

1

verdict on the remaining nine counts. Mr. Collins was sentenced on January 14, 2010, and a judgment of conviction was entered on March 17, 2010. Mr. Collins has timely noticed his appeal of the conviction, and has been granted bail pending the resolution of his appeal.

The Second Amended Complaint alleges common-law fraud against Mayer Brown and RICO conspiracy under 18 U.S.C. § 1962(d) against both Mayer Brown and Mr. Collins. Both Mayer Brown and Mr. Collins moved to dismiss the RICO conspiracy claim. Mayer Brown argued that the RICO claim was barred by 18 U.S.C. § 1964(c) because it has not been convicted. It also presented additional arguments, which Mr. Collins joined.

In the May 3 R & R, Special Master Capra recommended that the RICO claim against Mayer Brown be dismissed because Mayer Brown has not been convicted. Special Master Capra, however, rejected the other grounds on which both Mayer Brown and Mr. Collins had moved to dismiss the RICO conspiracy claim. He filed a separate R & R on May 6, 2010, in which he formally recommended denial of Mr. Collins's motion.

## ARGUMENT

I. **PLAINTIFFS' RICO CLAIM HAS NOT ACCRUED YET BECAUSE MR. COLLINS'S CONVICTION IS NOT FINAL.**

Section 1964(c) provides in pertinent part:

> . . . [N]o person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.

This provision was enacted as part of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). It broadly excludes conduct actionable as securities fraud but creates an exception for claims against convicted defendants which must be read "as narrowly as possible." *Krear v. Malek*, 961 F. Supp. 1065, 1076 (E.D. Mich. 1997). *Accord Tittle v. Enron*, 284 F.

2

Supp. 2d 511, 622 (S.D. Tex. 2003). Under this statute, Plaintiffs cannot sue Mr. Collins yet because his conviction is not final.

### A. Special Master Capra Correctly Concluded that the Right To Sue Is Triggered Only After a Criminal Conviction Becomes Final.

Under a proper interpretation, the proviso in Section 1964(c) does not permit an action even against a person who was criminally convicted, until the conviction has become final. The only court to address this issue reached that conclusion. *See Tittle v. Enron*, 284 F. Supp. 2d at 624 ("the conviction must be final before the exception is triggered").

The statutory language supports this interpretation. Although the statute does not expressly address the time when the claim accrues for purposes of bringing suit, it does address the closely related question of when the statute of limitations begins to run, which is "on the date on which the conviction becomes final." Since generally an action accrues on the same date that the statute of limitations begins to run,[3] the words of the statute indicate that the exception authorizes an action only after the conviction becomes final. Special Master Capra agreed with this reasoning and concluded that a conviction must be final before a RICO claim may be brought. May 3 R & R at 8. That conclusion is correct.

### B. A Conviction Does Not Become Final for Purposes of § 1964(c) Until It Has Been Affirmed on Appeal.

Special Master Capra erred, however, in concluding that Mr. Collins's conviction already is "final" within the meaning of § 1964(c). The correct interpretation – and the interpretation

---

[3] *See Reiter v. Cooper*, 507 U.S. 258, 267 (1993) ("While it is theoretically possible for a statute to create a cause of action that accrues at one time for the purpose of calculating when the statute of limitations begins to run, but at another time for the purpose of bringing suit, we will not infer such an odd result in the absence of any such indication in the statute."); *see also Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal. Inc.*, 522 U.S. 192, 201 (1997) (referring to "the standard rule that the limitations period commences when the plaintiff has 'a complete and present cause of action'" (quoting *Rawlings v. Ray*, 312 U.S. 96, 98 (1941))).

adopted by the only court to address the issue – is that the conviction is not final unless and until it is affirmed on appeal.

The Supreme Court has observed that "[f]inality is variously defined; like many legal terms, its precise meaning depends on context." *Clay v. United States*, 537 U.S. 522, 527 (2003). In many contexts, courts require that a decision be affirmed on appeal before it is considered "final." *See, e.g.*, *Clay*, 537 U.S. at 527 (for purposes of 28 U.S.C. § 2255, a conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for certiorari, or when the time for filing a petition for certiorari expires"); *Griffith* v. *Kentucky*, 479 U.S. 314, 321 n.6 (1987) (for purposes of retroactivity analysis, "[b]y 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied"); *Beard v. Banks*, 542 U.S. 406, 411 (2004) (for purposes of collateral attack in federal habeas corpus, a state conviction is final when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied); *Bell v. Maryland*, 378 U.S. 226, 232 (1964) ("[i]n the present case the judgment [of the Maryland Court of Appeals] is not yet final, for it is on direct review in this Court"); *United States v. Lovell*, 16 F.3d 494, 497 (2d Cir. 1994) ("[A] prior conviction is final within the meaning of 21 U.S.C. § 841(b)(1)(B) . . . when all avenues of direct appellate review have been exhausted."); *United States v. Lussier*, 219 F.3d 217, 218 (2d Cir. 2000) (under former Federal Rule of Criminal Procedure 33, a conviction became final when it was affirmed on appeal).

In this context, to allow suit on the basis of an unreviewed conviction would frustrate the purpose of the bar on RICO claims based on conduct actionable under the securities laws. As the court held in *Tittle v. Enron*, "it is reasonable that the conviction must be final before the

4

exception is triggered. To hold otherwise would undermine the core purpose of the statutory bar." 284 F. Supp. 2d at 624 (holding that finality on appeal is required).

The "core purpose" of the statutory bar is to prevent plaintiffs from wielding the "blunderbuss" of treble-damages liability to bully defendants into surrendering their defenses. *See, e.g.*, Cong. Rec. H2770-72 (Mar. 7, 1995) (statements of Rep. Cox). The narrow exception Congress carved from the PSLRA's broad bar against securities fraud as a RICO predicate strongly indicates that it wished defendants to face this blunderbuss only when their criminal conduct has been established to a very high – "final" – degree of confidence.

Although Special Master Capra believed that an unreviewed conviction is sufficiently reliable, that conclusion does not fit this context. Appellate review is a critical safeguard against wrongful conviction. It is only "[o]nce the defendant's chance to appeal has been waived or exhausted, [that] we are entitled to presume he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164–65 (1982). Notably, Mr. Collins's release pending appeal reflects the district court's determination that Mr. Collins's appeal "raises a substantial question of law or fact likely to result in . . . a reversal [or] an order for a new trial." 18 U.S.C. § 3143(b)(1)(B). It would frustrate Congress's objectives to say that a plaintiff may put a party to the burden of defending a RICO action without any regard for whether the conviction is likely to withstand appellate review.

Special Master Capra also believed that the closest analog to the current context is the admissibility of convictions still on appeal under Federal Rule of Evidence 803(22). A closer analog, however, is provided by Section 5 of the Clayton Act, 15 U.S.C. § 16, the Act on which RICO's civil-damages provision was modeled. That provision, like the one at issue here, addresses the collateral effect of a conviction on subsequent civil litigation. Under that provision, "[a] final judgment or decree" in a criminal or civil antitrust suit brought by the

5

government to the effect that the defendant has violated the antitrust laws "shall be prima facie evidence against such defendant" in subsequent actions under the antitrust laws. 15 U.S.C. § 16(a). Similar to the RICO exception at issue here, the Clayton Act also provides that the statute of limitations is suspended during the pendency of the government antitrust case. 15 U.S.C. § 16(i).

In interpreting the meaning of a "final judgment or decree" under the Clayton Act, the courts have long held that the government case must be final on appeal (or the time for appeal must have expired). *See Russ Togs, Inc. v. Grinnell Corp.*, 426 F.2d 850, 857 (2d Cir. 1970) ("A judgment or decree in a government enforcement action becomes 'final' only when the government and the defendants are satisfied with the result and determine not to appeal."); *Illinois v. Sperry Rand Corp.*, 237 F. Supp. 520, 523 (N.D. Ill. 1965) ("It is well established that for a judgment to be 'final', as contemplated by section 5(a) of the Clayton Act, the time to appeal must have run or the judgment affirmed by a court of last resort."); *Twentieth Century-Fox Film Corp. v. Brookside Theatre Corp.*, 194 F.2d 846, 857-58 (8th Cir. 1952). The same conclusion is called for here – unless and until Mr. Collins's conviction is affirmed on appeal, it is not sufficiently "final" to trigger the narrow exception from the PSLRA's RICO bar.

## II. PLAINTIFFS FAIL TO STATE A CLAIM FOR RICO CONSPIRACY AGAINST MR. COLLINS.

Special Master Capra "treated only briefly" the Defendants' argument that the Second Amended Complaint fails to state a claim under 18 U.S.C. § 1962(d). May 3 R & R at 12. Based on this brief treatment, Special Master Capra erroneously concluded that Plaintiffs' allegations are sufficient. They are not.

### A. Plaintiffs Have Not Pled an Agreement To Enter the Conspiracy.

In order to state a conspiracy claim under Section 1962(d), "a plaintiff must plead as to each alleged co-conspirator: (1) an agreement to join the conspiracy; (2) the acts of each co-

6

conspirator in furtherance of the conspiracy; [and] (3) that the co-conspirator knowingly participated in the same." *Fuji Photo Film USA, Inc. v. McNulty*, 640 F. Supp. 2d 300, 312 (S.D.N.Y. 2009). *See also Odyssey Re (London) Ltd. v. Sterling Cook Brown Holdings Ltd.*, 85 F. Supp. 2d 282, 303 (S.D.N.Y. 2000), *aff'd*, 2 F. App'x 109 (2001). "Because the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement." *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir. 1990).

An "assertion of an unlawful agreement [is] a legal conclusion and, as such, [is] not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quotations omitted). Where a complaint pleads facts that are merely "consistent with" a conspiracy, it falls short. *Id*. (quotation omitted). In the RICO context, as relevant here, "plaintiffs must allege facts that support a conclusion that defendants consciously agreed to commit predicate acts . . . Conclusory allegations of a conspiracy are insufficient." *Cont'l Fin. Co. v. Ledwith*, No. 07 Civ. 7272 , 2009 WL 1748875, at * 6 (S.D.N.Y. June 22, 2009) (quoting *Black Radio Network*, *Inc. v. Nynex*, 44 F. Supp. 2d 565, 581 (S.D.N.Y. 1999)).

In the Second Amended Complaint ("SAC"), Plaintiffs allege that Mr. Collins was involved in documenting round trip loans, forwarding false client statements to Plaintiffs, and drafting transactional documents that allegedly contained false representations. *See, e.g.*, SAC ¶¶ 34-35, 56-60, 72-75, 81-82. However, these allegations do not demonstrate that Mr. Collins *knowingly agreed* to take part in Refco's criminal racketeering enterprise. For example, in *Lippe v. Bairnco Corp.*, 218 B.R. 294 (S.D.N.Y. 1998), plaintiffs charged two outside law firms with engaging in a RICO conspiracy by drafting fraudulent disclosures and assisting in structuring allegedly fraudulent transactions. The court, however, held that the complaint's factual allegations, and the reasonable inferences to be drawn from them, "could not reasonably

7

be interpreted as alleging that any of the professional defendants agreed to participate in predicate racketeering acts, that they agreed to pursue the same criminal objective, or that they knew that the general nature of the conspiracy extended beyond their individual roles." *Id*. at 304. The same result is called for here. *See also Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 732–33 (7th Cir. 1998) (even providing services essential to allegedly illegal activity does not give rise to the inference of agreement required for Section 1962(d) liability).

### B. Plaintiffs Have Not Pled a Pattern of Racketeering Activity.

To be liable for a RICO conspiracy under § 1962(d), a defendant must intend to further an endeavor that, if completed, would satisfy all the requirements of a RICO claim. *Salinas v. United States*, 522 U.S. 52, 65 (1997). If a plaintiff has no viable claim under sections 1962(a), (b), or (c), then its subsection (d) conspiracy claim fails as a matter of law. *See Howard v. American Online Inc.,* 208 F.3d 741, 751 (9th Cir. 2000) (RICO conspiracy claim will not stand unless plaintiff can sustain a viable claim under another subsection of § 1962); *Condict v. Condict*, 826 F.2d 923, 927 (10th Cir. 1987) ("[A]ny claim under § 1962(d) based on a conspiracy to violate the provisions of 18 U.S.C. § 1962(a), (b), or (c) must necessarily fall if the substantive claims are themselves deficient."). *See also Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244-45 (2d Cir. 1999) (reversing liability under § 1962(d) because plaintiff had not proven a pattern of racketeering conduct under § 1962(c)). Here, Plaintiffs have failed to plead a Section 1962(c) violation because their allegations of a pattern of racketeering activity are insufficient.

To establish a pattern of racketeering activity, Plaintiffs must plead predicate acts that "amount to or pose a threat of continued criminal activity." *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). "Continuity" can take one of two forms – either "closed-ended" or "open-ended." *See, e.g.*, *Cofacredit*, 187 F.3d at 242. Here, Plaintiffs allege that the Refco Operators

8

undertook their scheme "so that the conspirators could eventually reap millions of dollars from the sale of all or part of Refco." SAC ¶ 27. Thus, the scheme was "inherently terminable" and thus not grounds for establishing "open-ended continuity." *Id.*; *First Capital Asset Mgmt. Inc. v. Satinwood, Inc.*, 385 F.3d 159, 180-81 (2d Cir. 2004); *GICC Capital Corp. v. Tech. Fin. Group, Inc.*, 67 F.3d 463, 466 (2d Cir. 1995). For the reasons discussed below, Plaintiffs cannot establish closed-ended continuity either.

"To satisfy closed-ended continuity, the plaintiff must prove 'a series of related predicates extending over a substantial period of time.'" *Cofacredit*, 187 F.3d at 242 (quoting *H.J.*, 492 U.S. at 242). "Since the Supreme Court clarified the standard for establishing a 'pattern' under RICO in *H.J. Inc.*, the Second Circuit 'has never held a period of less than two years to constitute a substantial period of time.'" *Duravest, Inc. v. Viscardi, A.G.,* No. 07 Civ. 10590 (JSR), 2008 WL 1742845, at *2 (S.D.N.Y. Apr. 14, 2008) (quoting *Cofacredit*, 187 F.3d at 242) (citation omitted). Special Master Capra appeared to overlook this important point and mistakenly concluded that "months, not years" is sufficient to establish closed-ended continuity.[4]

To the extent that Plaintiffs seek to allege predicate acts sounding in fraud, those predicate acts must be pleaded with particularity under Rule 9(b). *First Capital Asset Mgmt. Inc.,* 385 F.3d at 178. And any predicate acts not pleaded with particularity cannot be used to establish continuity. *Id.* at 178-79. *See also Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 184-85 (2d Cir. 2008).

---

[4] Special Master Capra cited to Rakoff and Goldstein, *RICO Civil and Criminal Law and Strategy* at 7-44-45 (2009), for the proposition that while the case law on the duration of a closed-ended pattern is inconsistent, "the dispute in the courts is about activity that spans months, not years." May 3 R & R at 13. The cited treatise, however, does not state that the Second Circuit has ever endorsed a closed-ended pattern of less than two years. Moreover, as explained below, the predicate acts arguably pled with particularity all still fall within the few months leading up to Plaintiffs' purchase of interests in the LBO and, thus, fail to meet even the continuity requirement articulated in the May 3 R & R.

With the exception of money laundering, all of the predicate acts pleaded by Plaintiffs are subject to the heightened pleadings standards of Rule 9(b).[5] This means "[i]n the RICO context, . . . the complaint [must] *specify the statements* it claims were false or misleading, *give particulars* as to the respect in which plaintiffs contend the statements were fraudulent, *state when and where the statements were made*, and *identify those responsible* for the statements." *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2d Cir. 1999) (emphases added) (quotations omitted). *See also Spool*, 520 F.3d at 185; *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993). Contrary to these precedents, Special Master Capra mistakenly concluded that Rule 9(b) can be met by pleading "the mechanics of the overall fraudulent scheme." May 3 R & R at 12.

Plaintiffs' Second Amended Complaint is, as one would expect, centered on the months leading up to their investment in Refco because that is the period in which they allege they were misled. Yet to satisfy the pattern requirement, Plaintiffs must plead predicate acts that fall outside this narrow LBO time period *and* must plead them in terms that meet Rule 9(b)'s heightened pleading requirement – a burden Plaintiffs fail to meet. Plaintiffs allege vaguely that Mr. Collins participated in a scheme to hide Refco's losses "from lenders, potential investors, and others." SAC ¶ 23. Plaintiffs also allege, again vaguely, that the scheme was designed to defraud "regulators." *Id*. ¶ 27. Plaintiffs allege only in conclusory terms that the "Refco Operators" transmitted or caused others to transmit fraudulent financial statements "to third parties, including one or more financial institutions that loaned money to Refco and potential investors such as the THL Funds, through at least the interstate wires, if not also the interstate

---

[5] Although predicate acts of money laundering are not subject to Rule 9(b), a plaintiff still must plead all the necessary elements of the crime in its complaint. *Leung v. Law*, 387 F. Supp. 2d 105, 118 (E.D.N.Y. 2005). Plaintiffs have not done so in the Second Amended Complaint.

10

mail." SAC ¶ 95(b). Nowhere, however, does the Second Amended Complaint identify *any* specific statement made to *any* lender or regulator, much less the time or place of any such statement or the reasons any such statement was fraudulent. Likewise, Plaintiffs do not identify any "potential investor" who was allegedly defrauded other than themselves, and make no allegation of any specific statement to any such potential investor.

To be sure, the Second Amended Complaint includes details of a number of "round-trip loans" undertaken by Refco over several years. SAC ¶ 35. These transactions, however, are not predicate acts; they were not crimes in and of themselves.[6] Plaintiffs' theory is that the alleged conspirators *used* the transactions to lie about Refco's financial condition to third parties. *See* SAC ¶ 37. What are missing are the particulars of those alleged lies – precisely what is required under Rule 9(b).[7]

The only predicate acts arguably pled with sufficient particularity are those related to Plaintiffs' purchase of an interest in Refco in 2004. But, as described above, acts occurring over a period of less than two years have never been held to constitute closed-ended continuity in this Circuit. Thus, even assuming that Plaintiffs adequately pled predicate acts surrounding the LBO,

---

[6] In a footnote to the May 3 R & R (at 12 n.15), Special Master Capra erroneously noted that Mayer Brown, unlike the Refco customers who were parties to the round trip loans, "papered the transactions from Refco's side, and so knew about the third leg" – the removal of the RGHI receivable from the books of Refco. It is undisputed that no one at Mayer Brown ever papered the third leg of the round trip loan transactions, which resulted in the temporary pay-down of the RGHI receivable. The documents that Mayer Brown lawyers did prepare do not refer in any way to the hidden third leg. Rather, just like the Refco customers who participated in the loan transactions, Mayer Brown and Mr. Collins have always maintained that they did not know about the "third leg" of the round trip loan transactions or that the loan transactions were used by Refco for any fraudulent purpose.

[7] Special Master Capra's statement in the May 6 R & R that Plaintiffs' allegations with respect to Mr. Collins are less susceptible to a Rule 9(b) challenge than are Plaintiffs' allegations against Mayer Brown (May 6 R & R at 2 n.2) does not make sense. Rule 9(b) contains no criminal conviction exception – the allegations either meet the requirements of Rule 9(b) or they do not.

Plaintiffs have failed to plead a pattern. *Cofacredit*, 187 F.3d at 244. Because Plaintiffs do not plead either closed or open-ended continuity, they fail to allege an underlying violation of Section 1962(c) and, therefore also fail to state a claim against Mr. Collins for a conspiracy to violate that section under Section 1962(d).

## **CONCLUSION**

For the foregoing reasons, Count One of the Second Amended Complaint should be dismissed for failure to state a claim as to Mr. Collins.

Dated: New York, New York
May 17, 2010

Respectfully submitted,

COOLEY LLP

By: _____/s/_____
William J. Schwartz
Jonathan P. Bach
Kathleen E. Cassidy

1114 Avenue of the Americas
New York, New York 10036
Phone: (212) 479-6000
Fax: (212) 479-6275

*Attorneys for Defendant Joseph P. Collins*

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May 2010, I caused a true and correct copy of Defendant Joseph P. Collins's Objection to the Report and Recommendation of Special Master Capra on Joseph Collins's Motion to Dismiss the Plaintiffs' Amended Rico Conspiracy Claim to be served by electronic mail on:

Greg A. Danilow
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Silvija A. Strikis
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, DC 20036

George Borden
Craig Singer
Williams & Connolly LLP
725 Twelfth Street, NW
Washington, DC 20005

_____
Kathleen E. Cassidy